ELIZABETH GEIGER v. HUDSON AND MANHATTAN RAILWAY COMPANY ET AL.

Argued November term, 1923—Decided March 28, 1924.

**Negligence—Railroad Passenger's Injury—Liability Admitted— Excessive Award Alleged—Evidence Examined and Judgment Sustained.**

On rule to show cause. Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Wall, Haight, Carey & Hartpence.*

*Contra, Lum, Tamblyn & Colyer.*

PER CURIAM.

Plaintiff was injured on August 30th, 1922, by a rear-end collision, while a passenger on defendant's railroad, traveling between Newark and New York. Liability was admitted, and the controversy therefore was limited to the question of

damages, which the jury assessed at $9,000, which it is claimed is excessive. The plaintiff was thrown from her feet and she struck the car partition. Prior to the accident the plaintiff enjoyed normal health, and lived in her own home with a widowed mother. The result of the accident has been to reduce her weight from one hundred and nineteen to ninety-three pounds. She was thirty-six years of age and accustomed to work in a store in Newark, where she performed manual labor of an arduous kind, for which she received $25 per week. At home she did the manual labor incident to housekeeping usually performed by a man. After the accident she had infected tonsils, bad teeth, defective muscles affecting the spine and shoulders, a hardening and thickening of the muscle tissues of the right hand, shoulder and chest, and general pains about the lower spine. Her condition was highly nervous, with evidences of trauma and arthritis resulting from shock. She expended various sums of money to doctors in her effort to be cured, as well as expenditures for X-rays, and was obliged to compensate others to do her housework. Here cure is problematical, and while criticism of her medical experts may be indulged, the answer is that the jury credited them. The fact that the verdict is large does not render it legally excessive, so as to bring it within the legal rule, which justifies a reduction thereof upon the theory that passion or prejudice induced it. *Bowes* v. *Public Service,* 94 *N. J. L.* 378.

The rule will be discharged.